1  **WO**

7  IN THE UNITED STATES DISTRICT COURT
8  FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| FRANK J. KONARSKI,<br><br>    Plaintiff,<br><br>vs.<br><br>CITY OF TUCSON, et al.,<br><br>    Defendants. | No. CIV 98-528-TUC-CKJ<br><br>**ORDER** |

Pending before the Court is Petitioner's Rule 60(b)(6) Motion for Relief from Dismissal Order and Discretionary Denial of Order for New Trial/Re-File [Doc. # 57]. Respondents have filed a Response and Petitioner has filed a Reply. Oral argument has been requested, but the Court finds pursuant to L. R. Civ. 7.2(f) that a hearing is not necessary to assist the Court in making its decision.

*Factual and Procedural Background*

On August 30, 1999, the Honorable Raner C. Collins of the United States District Court for the District of Arizona dismissed Plaintiff's suit against the City of Tucson. Judge Collins denied Plaintiff's Motion for New Trial or, in the Alternative, Motion for Authority to Refile Complaint on October 14, 1999. Plaintiff now moves for relief from judgment under Rule 60(b)(6), claiming that Tameron Collins, the "blood-relative son" of Judge Collins, was employed by the City of Tucson's Human Resources Department during Plaintiff's case before Judge Collins. Motion at 4. There is no basis to conclude from

1  Plaintiff's Motion that Tameron Collins is Judge Collins' son. In his Reply, however,
2  Plaintiff provides a basis to conclude that Tameron Collins is Judge Collins' adult child. The
3  Court will assume for the purpose of resolving this Motion that Tameron Collins is Judge
4  Collins' adult child and that Tameron Collins was employed by the City of Tucson at the time
5  Judge Collins issued his order.

*Applicability of Rule 60(b)*

Federal Rule of Civil Procedure 60(b) permits a court "on motion and upon such terms as are just" to "relieve a party . . . from a final judgment, order, or proceeding for . . . (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6). Bias or perceived bias of a judge justifies relief in some cases. *Liljeberg v. Health Svcs. Acquisition Corp.*, 486 U.S. 847, 867 (1988) (judge who was a trustee of a university should have recused himself from a case where the university was a party, the statute required disqualification, and his involvement created a strong appearance of impropriety). Because a "very strict interpretation of Rule 60(b) is essential if the finality of judgments is to be preserved," the Court reiterated that it is only appropriate to invoke Rule 60(b)(6) in "'extraordinary circumstances.'" *Id.* at 873 (quoting *Ackermann v. United States*, 340 U.S. 193, 199 (1950)). The rule can only be used "where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *U.S. v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993).

Here, Plaintiff claims that the alleged father-son relationship between Judge Collins and Tameron Collins, an employee of the City of Tucson, implicates Rule 60(b)(6). The Court disagrees. In *Liljeberg*, the judge was a trustee of a party, and the appearance of impropriety was extreme. 486 U.S. at 867. Here, the claim is only that the Judge has an adult, non-dependent child employed by the City of Tucson, and whose department was not involved in the litigation. Judge Collins' child had no perceivable interest in the outcome of a police brutality claim against the city, whereas the judge in *Liljeberg* presided over a case where he had been a trustee of Loyola University and the success of negotiations in which

1  he was involved in that capacity "turned, in large part, on Liljeberg prevailing in the
2  litigation." *Id.* at 850. Furthermore, it has been almost eight years since judgment was
3  entered against Plaintiff, and the alleged impropriety has just now been claimed. If Plaintiff
4  himself failed to notice the alleged impropriety for nearly eight years, it is practically
5  impossible that the integrity of the judicial system has been put into doubt in the public eye.
6  The Court also notes that if Plaintiff did in fact notice the impropriety during the initial
7  proceedings and simply waited to plead it for tactical purposes, Rule 60(b)(6) is not properly
8  implicated. *Alpine Land & Reservoir Co.*, 984 F.2d at 1049.

9  Moreover, as Defendants note, the relevant rule in this case is not Rule 60(b)(6), but
10 Rule 60(b)(2). Plaintiff himself claims that his motion is predicated on a "recent judicial-
11 conflict revelation this month [June 2007] . . . ." Motion at 1. This brings his motion within
12 the scope of Rule 60(b)(2), which governs motions based on "newly discovered evidence
13 which by due diligence could not have been discovered in time for a new trial under Rule
14 59(b)." Fed. R. Civ. P. 60(b)(2). It is no wonder that Plaintiff chose not to invoke this rule,
15 because he could make no plausible claim that the information he has recently discovered
16 could not have been discovered by him with due diligence in time to move for a new trial
17 (ten days after the entry of judgment). Fed. R. Civ. P. 59(b). Plaintiff's case was dismissed
18 on August 30, 1999, and his Motion for New Trial was denied on October 14, 1999. The
19 new evidence Plaintiff presents, if true, shows that Tameron Collins has worked for or been
20 "associat[ing] with" the City of Tucson "since August 17, 1998." Motion at 3. Plaintiff
21 cannot maintain that this fact could not have been discovered with due diligence in the 388
22 days that passed before the last day he could have filed a Rule 60(b)(2) motion. Attempts
23 to use Rule 60(b)(6) to circumvent the time limits in other provisions of Rule 60 are
24 improper. *Margoles v. Johns*, 798 F.2d 1069, 1073 n. 6 (7th Cir. 1986) ("Relief under Rule
25 60(b)(6) is proper only if the grounds asserted for relief do not fit under any of the other
26 subsections of Rule 60(b) . . . Otherwise, a movant could use subsection (6) to circumvent
27 the rather demanding time limitations placed on a motion under subsections (1) through
28

(3).")*; see, e.g., Alpine Land & Reservoir Co.*, 984 F.2d at 1050 ("Rule 60(b)(6) is not a substitute for 60(b)(1)."). Neither is it a substitute for Rule 60(b)(2).

*"Discretionary Denial" of Motion for New Trial*

Plaintiff claims that Judge Collins' denial of his Motion for New Trial was "discretionary." Motion at 2. Judge Collins made clear in his October 14, 1999, Order that the dismissal of Plaintiff's case was "outside the parameters of A.R.S. § 12-504 and no relief is available under that statute" because that statute by its own terms does not apply to final judgments on the merits. Order at 2. Because Plaintiff's case was dismissed under Rule 41(b) for failure to prosecute and failure to comply with court orders, the dismissal operates as a final judgment on the merits. Fed. R. Civ. P. 41(b). Judge Collins therefore had no choice but to deny Plaintiff relief under § 12-504, and he made this clear in the Order.

Plaintiff misunderstands the language that immediately followed this analysis: "Further, because relief under the statute would be discretionary with the Court, the Court believes that such relief is not warranted based on the record of this action." Order at 2. Judge Collins was noting that even if relief were *allowed* under § 12-504, the court would not have been *required* to grant relief, but would have had the discretion whether to do so, and the facts of Plaintiff's case led Judge Collins to opine that he would not have granted relief, anyway. This was the "discretionary denial" Plaintiff complains of. Judge Collins was bound by the law not to grant relief, as he noted in the Order, and his assessment of whether he would have granted relief if the law had allowed him to is *dicta*, not judicial action, and hence there is nothing in it for Plaintiff to challenge.

*Statutory Obligation to Recuse*

A federal judge has a duty to disqualify himself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Plaintiff notes that *United*

- 4 -

*States v. Amico* requires recusal based on the appearance of impropriety. 486 F.3d 764, 775 (2nd Cir. 2007). He is correct. The question is: "would an objective, disinterested observer fully informed of the underlying facts, entertain significant doubt that justice would be done absent recusal?" *Id.* The Court does not believe that in this case an objective, disinterested observer would entertain significant doubt that Judge Collins could properly administer justice in a police brutality claim against the City of Tucson simply because Judge Collins' adult child was employed in the City's Human Resources Department when the claim was litigated.

*Amico* concerned a judge who improperly failed to recuse himself because of prior financial dealings with a key government witness. *Id.* at 775-76. The court there concluded that an objective observer would doubt the impartiality of the judge because of the judge's potential motivation to discredit a witness (McNamara) who had previously made accusations against the judge concerning a mortgage application–allegations that were similar to those McNamara made at trial against the defendant. *Id.* The Second Circuit noted that during the trial the judge had commented on the witness' past accusations against him, calling them "upsetting and offending." *Id.* at 776. The defendants' motion for recusal in that case was also joined by the government, an unusual situation making concern over the judge's partiality evident to any objective observer. *Id.*

Unlike in *Amico*, this case does not involve any prior dealings with parties or witnesses relevant to the subject matter of the claims before the court, or any comment by the judge during the proceedings that would lead an objective observer to perceive bias. Also, the government here is not advocating recusal. An objective, disinterested observer to the proceedings would not entertain significant doubt that Judge Collins could properly administer justice in this case. *See Sensley v. Albritton*, 385 F.3d 591, 599-600 (5th Cir. 2004) (district judge not required to recuse when his wife was an employee of the district attorney's office litigating matters in his court).

A federal judge also has a duty to disqualify himself if " . . . a person within the third

- 5 -

1  degree of relationship [to the judge]" is an "officer . . . of a party . . . [or] is known by the
2  judge to have an interest that could be substantially affected by the outcome of the
3  proceeding." 28 U.S.C. §§ 455(b)(5)(i) and (iii). Plaintiff claims that because Judge Collins'
4  adult child was an employee of the City of Tucson during Plaintiff's case, Judge Collins also
5  should have disqualified himself under these subsections of the statute. Plaintiff has not
6  shown that Tameron Collins' position in the Human Resources Department of the City of
7  Tucson qualifies as an "officer" of the City as opposed to an "employee" or that Tameron
8  Collins' interests could have been "substantially affected" by the outcome of a police brutality
9  claim against the City.

10  First, the Supreme Court has long recognized that not every employee is an "officer."
11  *United States v. Germaine*, 99 U.S. 508 (1878) (holding that an employee was not an
12  "officer" of the United States if he had not been appointed by the President or the head of a
13  department, which was necessary according to the constitutional definition of "officer").
14  Plaintiff has produced no evidence that Tameron Collins was ever an "officer" of the City of
15  Tucson according to whatever definition is used in the City's charter or incorporating
16  instrument. The City of Tucson's Civil Service Commission Rules and Regulations
17  distinguishes between "officers" and "employees." Tucson Civ. Svc. Commn. R. and Regs.,
18  Rule II, § 2(b).

19  Second, a judgment against the City would affect Tameron Collins only in the same
20  way as any resident of Tucson would be affected by the effect on the City's budget. This is
21  not enough to meet the "substantially affected" requirement. There is no basis for believing
22  that Tameron Collins' pay, benefits, or other interests related to city employment would be
23  "substantially affected," or affected at all for that matter, by the outcome of Plaintiff's case.

24  In summary, Plaintiff has not shown an appearance of impropriety, that Tameron
25  Collins was an "officer" of the City of Tucson during Plaintiff's case, or that Tameron Collins
26  had an interest that could be "substantially affected" by the outcome of the case. Even if all
27  these things were true, Plaintiff has no recourse to relief under Rule 60 because his motion
28

is untimely.

*Sanctions*

Defendant asks the Court to impose sanctions against Plaintiff by ordering the payment of costs and attorneys' fees, pointing out that Plaintiff has been admonished about filing meritless claims. Order, May 1, 2007, CIV-06-177 at 3:27-28 (warning that the court would consider sanctions if Plaintiff continued to file the same claims already ruled upon by district court judges). However vexatious Plaintiff has been in the past, the present Motion is not a repetitive claim, but rather a new Motion based on allegations not previously claimed. In its discretion, the Court declines to impose sanctions.

Accordingly, IT IS ORDERED:

1. The Motion for Accelerated Hearing [Doc. # 64] is DENIED;

2. Plaintiff's Rule 60(b)(6) Motion for Relief from Dismissal Order and Discretionary Denial of Order for New Trial/Re-File [Doc. # 57] is DENIED, and;

3. Defendant's Request for Sanctions is DENIED.

DATED this 10th day of October, 2007.

Cindy K. Jorgenson
United States District Judge